Paula Herzmark Executive Director Department of Local Affairs 1313 Sherman St., Rm. 518 Denver, CO 80203
Dear Ms. Herzmark:
This opinion letter is in response to your December 3, 1980 letter, in which you inquired about the extent of the authority and responsibility of volunteer fire department arson squads, specifically the arson squad of the Fort Lupton Fire Protection District.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
What is "the extent of its (the Fort Lupton Fire Protection District's volunteer fire department arson squad) authority and responsibility in arson investigation activities?"
 My conclusion is that the statutes cited below adequately delineate the authority and responsibilities of any fire protection district.
ANALYSIS
1. Authority. No specific authority to initiate an arson squad by any fire protection district is presented in the current Colorado statutes. Nor is there any statutory language prohibiting the creation of such a unit. Rather, C.R.S. 1973, 32-5-302(2) states by way of definition, "Fire Protection District" means a district organized to supply protection against fire by any available means (emphasis added).
The powers granted by statute to fire protection districts are found in C.R.S. 1973, 32-5-314, specifically:
 (l) To have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted in this part 3. Such specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of this part 3.
. . .
It appears to me that the formulation of a specialized unit designed to combat the rising incident of arson, even though not specifically authorized, is approved and authorized by this concept of "any power necessary or appropriate to carry out the purpose and intent of this part 3."
In addition to the general powers granted in C.R.S. 1973, 32-5-314, authority is also given to the fire chiefs of each fire protection district through C.R.S. 1973, 32-5-337:
 The chief of the fire department in each fire protection district in the state of Colorado shall be, by virtue of such office so held by him, subject to the duties and obligations imposed by this section and sections 32-5-338 to 32-5-343, vested with such authority as is contained in said sections.
As will be seen below, this authority granted to the chief includes the investigation of the cause, origin, and circumstances of fires.
2. Responsibility. While the authority to create an arson squad is clear, it remains to delineate the responsibility of such a unit. C.R.S. 1973, 32-5-338 enumerates the duties of fire chiefs. This section states, inter alia, that:
 (1) It is the duty of the chiefs of the various fire departments as described in section 32-5-337 to enforce all laws and ordinances of the state, and the several political subdivisions thereof, relating to the following:
. . .
 (c) The suppression of arson and the investigation of the cause, origin, and circumstances of fires.
C.R.S. 1973, 32-5-341 relates to this duty to prevent arson:
 The chiefs of all fire departments, as defined in sections 32-5-337 to 32-5-343, shall investigate the cause, origin, and circumstance of every fire occurring within their jurisdiction by which property is destroyed or damaged, and so far as is possible, determine whether the fire was the result of carelessness or design. Such investigation shall begin immediately upon the occurrence of such fire by the chief in whose jurisdiction such fire has occurred, and if after such investigation, the chief is of the opinion that the facts in relation to such fire indicate that a crime has been committed, he shall present the facts of such investigation, the testimony taken from any person involved, together with any other data in his possession to the district attorney of the proper county, with his request that the district attorney institute such criminal proceedings as such investigation, testimony, or data may warrant, and it is the duty of such district attorney upon such request to assist in further investigation as may be required.
Although these duties and responsibilities are stated to be those of the chiefs, they may be delegated, as necessary, to members of a specialized unit, or to any member of the department.
The fact that the duty found in C.R.S. 1973, 32-5-342 is mandatory reinforces the desirability of creating a specialized unit to deal effectively with arson investigations.
SUMMARY
In summary, the statutes provide the authority for fire protection districts to create arson squads and set forth the responsibilities of such squads. The districts may expand on this authority and responsibility so long as any action taken is within the parameters of the "necessary or appropriate" language of C.R.S. 1973, 32-5-314(l).
Very truly yours,
 J.D. MacFARLANE Attorney General
ARSON SPECIAL DISTRICTS FIRE DEPARTMENTS
C.R.S. 1973, 32-5-302 C.R.S. 1973, 32-5-314 C.R.S. 1973, 32-5-337 C.R.S. 1973, 32-5-338 C.R.S. 1973, 32-5-341 C.R.S. 1973, 32-5-342
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
Colorado statutes provide the authority for fire protection districts to create arson squads and set forth the responsibilities of such squads.